Heard November Term, 1878.

CASE No. 723.

### JOHN. G. STEELE v. THE CHARLOTTE, COLUMBIA AND AUGUSTA RAILROAD COMPANY.

Where a motion for a new trial, upon the grounds that the verdict is contrary to the legal preponderance of the testimony and that the damages are excessive, is refused by the Circuit judge, his decision is final and cannot be reviewed by this court.

Before Aldrich, J., at York, September, 1878.

Plaintiff was a passenger upon defendant's train in November, 1877. While the train was crossing the south fork of Fishing creek, the trestle gave way, and the coach in which plaintiff sat was precipitated into the stream below. Plaintiff jumped through one of the windows, and his leg was broken, and he was otherwise bruised and injured. He brought this action against the defendant for these injuries laying his damages at $15,000. There was much testimony on both sides, but it is not material to the question decided by this court. The jury found a verdict in favor of plaintiff for $10,000. Defendants moved upon the minutes for a new trial :

1. Because the verdict was contrary to the legal preponderance of the testimony.

2. Because the damages are excessive.

The motion was refused, and an exception noted; and from such refusal an appeal was taken to this court.

*Mr. J. H. Rion,* for appellant.

We are met on the threshold of this appeal by the decision of this court, published since the trial of this case, in *Brickman* v. *South Carolina R. R. Co.,* 8 *S. C.* 173. Unless the court will reverse that ruling, this appeal is nugatory.

I maintain that the Supreme Court has power in a case like this. Compare Article IV., Section 4, of the constitution, with Section 11, Subdivision 2, of the code. No provision of the code

excepts from the jurisdiction of this court, a case like this. On the contrary, there is Section 288, Subdivision 4. This court has the power, and therefore the duty of exercising it co-exists.

But can this court refuse to interfere with "the discretion" of the Circuit judge ? If so, then it is a Court of Appeals not contemplated by the constitution or laws.

The error, which I respectfully submit was made in the decision of *Brickman* v. *South Carolina R. R. Co.*, arose from not bearing in mind that the code of South Carolina vests in the Supreme Court all the powers vested by the New York code in the " Court of Appeals " and " the General Term of the Supreme Court." In New York an order " involving any question of discretion " can *not* be reviewed in the appeal court. *Section* 11, *Subdivision* 4, *N. Y. Code.* In South Carolina there is no such restriction on this court. If, then, our appeal could be heard at a " General Term of the Supreme Court " of New York, this court has the power to hear this appeal.

Could our appeal be heard at a general term of the Supreme Court in New York ? I will cite simply one case, as it is a late one, and illustrates the working of the restriction above mentioned upon the appeal court of New York, which is not copied in our code. It is *Peck* v. *N. Y. Central and Hudson River R. R. Co.*, as it is successively reported in 4 *Hun* 236, 8 *Hun* 286, and 70 *N. Y.* 592. The position of the New York appeal court is justified by the words of the statute denying the power; while in South Carolina our statute expressly gives the Supreme Court the power; our Supreme Court having all the appellate powers of both the New York appellate courts. (Remainder of argument is upon the merits of the case.)

*Mr. W. B. Wilson*, for respondent.

Cited, 1 *S. C.* 3 ; 1 *S. C.* 115 ; 2 *S. C.* 235 ; 3 *S. C.* 254 ; 5 *S. C.* 473 ; 2 *S. C.* 338 ; 3 *S. C.* 72 ; 3 *S. C.* 580 ; 8 *S. C.* 199.

April 23d, 1879. The opinion of the court was delivered by

HASKELL, A. J. The appeal is from the refusal by the Circuit judge to set aside a verdict and grant a new trial. The motion was upon the following grounds :

1. Because the verdict was contrary to the legal preponderance of the testimony.

2. Because the damages are excessive.

The Circuit judge states no reasons for the refusal. The presumption is, however, unavoidable, that he refused the motion because, in his opinion, the verdict was *not* contrary to the legal preponderance of the evidence, and the damages not excessive. On each of the points his conclusion is final and cannot be reviewed by this court. *Const., Art. IV.,* § 4; *Brickman* v. *South Carolina R. R. Co.,* 8 *S. C.* 173; *Earle & Co.* v. *Hutchinson,* MS., filed January 28th, 1879.

The court renders this opinion with reluctance and from necessity, in view of the limit of its jurisdiction. It appears to the court that to apply the measure of damages adopted in this case to the numerous cases that are liable to occur, will lead to injustice and tend to impair the usefulness of an important industry intimately affecting the public convenience. But, as already decided, the relief in such cases can only be had in the Circuit Court.

The appeal must be dismissed.

Appeal dismissed.

WILLARD, C. J., and McIVER, A. J., concurred.